# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT FIERRO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JAMES D. HARTLEY, Warden<br><br>　　　　　Respondent.<br>_____/ | 1:11-cv-01005-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

　　　Petitioner filed the instant petition for writ of habeas corpus on June 17, 2011.  Petitioner challenges his December 2009 parole decision finding him unsuitable for release.  Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

　　　Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir. 2010); Pearson v. Muntz, 606 F.3d

1

606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (2010), *rev'd*, <u>Swarthout v. Cooke</u>, ___ U.S.___, 131 S.Ct. 859 (2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  <u>Hayward v. Marshall</u>. 603 F.3d at 563; <u>Pearson v. Muntz</u>, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in <u>Swarthout v. Cooke</u>, ___ U.S.___, 131 S.Ct. 859 (2011).  In <u>Swarthout</u>, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." <u>Id</u>. at 863.  The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." <u>Id.</u> at 862, *citing*, <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (<u>See</u> Pet. Ex. D.)  Per the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." <u>Swarthout</u>, 131 S.Ct. at 862.  "The Constitution does not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16.  Therefore, the instant petition does not present cognizable claims for relief and should be denied.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is directed to terminate this action; and

///
///
///
///

3.     The Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated: **July 5, 2011**              /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE